NO. 07-05-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 23, 2005

_____

RICK MARION HUBBARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 45,667-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Rick Marion Hubbard was convicted of engaging in organized criminal activity, and on January 12, 2005, punishment was assessed at 18 months confinement. Appellant timely filed a motion for new trial; his notice of appeal was filed on April 18, 2005. We dismiss for want of jurisdiction.

When a timely motion for new trial is filed, a notice of appeal is due to be filed with the trial court clerk within 90 days after the day sentence is imposed. *See* Tex. R. App. P. 26.2(a)(2). The deadline may be extended if, within 15 days, the party files the notice and a motion complying with Rule 10.5(b)(2) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 26.3. When a notice of appeal, but no motion for extension of time is filed within the 15-day window, this Court does not have jurisdiction to dispose of the appeal in any manner other than by dismissal for want of jurisdiction. Olivo v. State, 918 S.W.2d 519, 523 (Tex.Cr.App. 1996) (en banc). *See also* Slaton v. State, 981 S.W.2d 208, 209-10 (Tex.Cr.App. 1998). Additionally, we do not have authority to invoke Rule 2 of the Texas Rules of Appellate Procedure in an effort to obtain jurisdiction of the case. Thus, we cannot create jurisdiction where none exists. *Slaton*, 981 S.W.2d at 210.

Appellant's sentence was imposed on January 12, 2005, and following his timely motion for new trial, the deadline in which to file his notice of appeal, including the 15-day window, was extended to April 27, 2005. Although his notice filed on April 18, fell within the 15-day extension period, it was not accompanied by a motion for extension of time.

Accordingly, the purported appeal is dismissed for want of jurisdiction.[1]

Don H. Reavis
Justice

Do not publish.

---

[1]Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004-05).